Steven Smith, Plaintiff, Pro Se
1224 N.E. Walnut St. #273
Roseburg, OR 97470
541-936-5406

FILED 29 SEP '25 11:18 USDC-ORP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

STEVEN SMITH,

      Plaintiff,

  v.

UNITED STATES FEDERAL
AVIATION ADMINISTRATION,

      Defendant.

Civil Case No. 3:25-CV-1766-JR

Jury Trial Demanded - No

## COMPLAINT

PLAINTIFF submits his Complaint against Defendant UNITED STATES

FEDERAL AVIATION ADMINISTRATION under 5 U.S.C. § 552 (FOIA) and 28 U.S.C.

§ 2201 (Declaratory Relief) and alleges as follows:

### PARTIES

1.    Plaintiff:            STEVEN SMITH
                                   1224 N.E. Walnut St. #273
                                   Roseburg, OR 97470
                                   Ph-541-936-5406

2.    Defendant:         U.S. FEDERAL AVIATION ADMINISTRATION

                                   800 Independence Avenue SW
                                   Washington, D.C. 20591
                                   Ph-866-835-5322

3.    Plaintiff is an individual residing in Douglas County Oregon, Defendant is an

**ORIGINAL**

COMPLAINT - Page - 1

113749

administrative agency of the United States, all or substantially all of the requested

records at issue in Count 1 herein are located at the FAA Portland Flight Standards

District Office ("Portland FSDO") Hillsboro, Oregon. Employees of the Portland FSDO

are the primary regulators of flight operations at the Roseburg, Oregon airport and

made the determination that the 14 CFR 91.119 term "necessary for takeoff or landing"

means any flight which includes a practice takeoff or a practice landing even if no

actual necessity exists, and are witnesses to the events alleged in Count 2 herein.

## JURISDICTION AND VENUE COUNT 1

4.    The Court has jurisdiction and venue is proper pursuant to 5 U. S.C. § 552 (a)4(B).

Venue is proper in the Portland division because the material records are located at

FAA Portland Flight Standards District Office ("Portland FSDO") Hillsboro, Oregon.

## STATEMENT OF THE CLAIM, COUNT 1

5.    Plaintiff submitted  FOIA requests to Defendant FEDERAL AVIATION

ADMINISTRATION on June 16, 2025 and June 28, 2025 *See*, Exhibits 1, 2. Defendant has

failed to make such timely determinations or productions as are required pursuant to

5 U. S.C. § 552 and/or has failed to produce all nonexempt responsive records as

requested.  Plaintiff has exhausted his administrative remedies.

## RELIEF REQUESTED COUNT 1

6.    That the Court order that Defendant shall search for and produce by a date certain

all responsive records called for in Plaintiff's FOIA requests, shall fully disclose all

material details regarding the adequacy of its search, shall in the event of any claim of

privilege or exemption produce a *Vaughn* index, and that Plaintiff shall recover from

Defendant his reasonable costs and expenses of suit pursuant to 5 U.S.C. 552(a)(4)(E) or as otherwise provided by law and for such other and further relief as may be just and equitable.

## JURISDICTION AND VENUE COUNT 2

7.    The Court has jurisdiction and venue is proper pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1391(b)(2). Venue is proper in the Portland division because a substantial part of the events or omissions giving rise to the claim occurred at FAA Portland Flight Standards District Office ("Portland FSDO") Hillsboro, Oregon.

## STATEMENT OF THE CLAIM COUNT 2

8.    An actual controversy has arisen and now exists between Plaintiff and Defendant regarding the proper interpretation and application of 14 CFR 91.119 which generally prohibits airplane flights within 500 feet of Plaintiff's home subject to a "necessary for takeoff or landing" exception. *See*, Exhibit 3. 14 CFR 91.119 reads in material part, "Except when necessary for takeoff or landing, no person may operate an aircraft below the following altitudes: ... (c) *Over other than congested areas.* An altitude of 500 feet above the surface, except over open water or sparsely populated areas. In those cases, the aircraft may not be operated closer than 500 feet to any person, vessel, vehicle, or structure." Plaintiff is a "person" and his home is a "structure" within the context of 14 CFR 91.119. Plaintiff alleges that the correct construction of the word "necessary" in the term "Except when necessary for takeoff or landing" is the usual and customary one, *i.e.*, "essential, inescapable, compulsory, required." *See*, WEBSTER'S NINTH NEW

COLLEGIATE DICTIONARY("Webster's") at 790 (1983). This controversy arises because Defendant permits the Roseburg, Oregon flight school to operate training flights which include flights over Plaintiff's home commonly at less than 200 feet away from Plaintiff's home and often much closer under a theory that because the purpose of the flights was to practice takeoff and landing this makes the overflights "necessary for takeoff or landing." *See*, Statement of FAA Inspector Harris, Exhibit 4. It is in fact never necessary for airplanes to come close to Plaintiff's home in order to take off or land and every day airplanes routinely take off and land at the Roseburg airport without coming within one mile of Plaintiff's home. Because Defendant's construction of 14 CFR 91.119 exposes Plaintiff to airplane flights which pose a serious risk of injury to Plaintiff or his property and is irreconcilable with the plain meaning of 14 CFR 91.119 Plaintiff seeks a judicial determination of the proper construction of said Rule.

9. A brief description of the Roseburg flight school student training flights is as follows. The training flights take off from the North end of the runway heading approximately North then fly to an altitude of 1250-1300 feet which is slightly higher than Plaintiff's home.[1] The airplanes then make a U-turn to the Southwest and subsequently fly over Plaintiff's home on their way South where they execute another U-turn and subsequently land at the South end of the Roseburg airport. Approximately one-half of the way through the training flights the airplane passes very close over

---

[1] Plaintiff's home is at approximately 1200 feet. *See*, statement of FAA Inspector Harris, Exhibit 5.

Plaintiff's home as shown on the attached map. *See*, Exhibit 6. There is no substantial

dispute between the flight path Plaintiff has provided to Defendant on Plaintiff's map,

and the flight path as stated to Defendant by student pilot Kaney, who makes no claim

that he cannot take off or land at the Roseburg airport without flying close to Plaintiff's

home but instead describes a standard training flight. *See*, Exhibit 7. Because the

overflights of Plaintiff's home occur at approximately the midpoint of a circuit after

having flown approximately 2-3 miles after takeoff and after executing a U-turn, and

after the overflight continuing on a similar distance before executing a second U-turn to

the East before landing, the overflights of Plaintiff's home clearly have nothing to do

with takeoff or landing but are merely a convenient route which could easily be

changed to avoid Plaintiff's home, however Defendant steadfastly insists that the

overflights are "necessary for takeoff or landing."

10. Plaintiff proposes an interpretation consistent with the plain meaning of the word

"necessary" and consistent with the purpose of CFR 91.119, which is clearly intended to

protect persons and structures from dangerously close airplane flights and is clearly not

intended to silently create an exception to the rule for student training flights.

11. Due to the actual and present controversy regarding the correct construction of

14 CFR 91.119 Plaintiff pursuant to 28 U.S.C. § 2201 requests a judicial declaration of

the proper construction of the term "Except when necessary for takeoff or landing"

within the context of 14 CFR 91.119, in particular whether the 14 CFR 91.119 word

"necessary" means an actual necessity in fact *i.e.*, "essential, inescapable, compulsory,

and required"(*see*, Webster's, *supra*) and a declaration of the rights, duties and obligations of the parties herein in regards to the application of 14 CFR 91.119 to airplane flights closer than 500 feet to Plaintiff's home.

## RELIEF REQUESTED COUNT 2

12.    That the Court find, determine and declare;

a.   That within  the context of  14 CFR 91.119 the term "necessary for takeoff or landing" is construed as requiring an actual necessity in fact for  takeoff or landing, *i.e.*, it is "essential, inescapable, compulsory, and required "[2] to do this act in order to accomplish a takeoff or landing.

b.   That it is not "necessary for takeoff or landing" for airplanes to fly closer than 500 feet from Plaintiff's home in order to takeoff from or to land at the Roseburg, Oregon airport.

c.   That Plaintiff shall recover from Defendant his reasonable costs and expenses of suit as provided by law and for such other and further relief as may be just and equitable.

## CERTIFICATION

Pursuant to FRCP 11 I certify to the best of my knowledge that this Complaint is not being presented for an improper purpose, is supported by existing law, the factual contentions have factual support, and that it otherwise complies with FRCP 11.  I also agree to provide the Clerk's Office with any change in my address and understand that failure to do so may result in the dismissal of my Complaint.

---

[2] *See*, WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY, at 790 (1983).

Dated this ____ day of _____ , 2025.

_____
Steven Smith, Plaintiff, Pro Se

## PLAINTIFF'S SUPPLEMENT TO COMPLAINT REGARDING
## EXHIBITS ATTACHED HERETO

Plaintiff submits statements of Defendant's employee Inspector Harris as Exhibits for the sole purpose of showing that the statement was made and for no other purpose pursuant to Federal Rules of Evidence 801(d)(2)(C)&(D) and Plaintiff objects pursuant to Federal Rules of Evidence 801(c) to said statements being admitted into evidence for any other purpose except as may be moved by Plaintiff.

Plaintiff submits a statement of student pilot Kaney as an Exhibit for the sole purpose of showing that the statement was made and for no other purpose pursuant to Federal Rules of Evidence 801(d)(2)(C) and Plaintiff objects pursuant to Federal Rules of Evidence 801(c) to said statement being admitted into evidence for any other purpose except as may be moved by Plaintiff.

COMPLAINT - Page - 7

**Steven Smith**
1224 N. E. Walnut St. #273
Roseburg, OR 97470

June 16, 2025

FAA Portland Flight Standards District Office
3180 NE Century Blvd.
Hillsboro, OR 97124
ATTN: FOIA

Re: FOIA

Dear FAA Portland Flight Standards District Office:

This letter contains FOIA requests directed to the FAA Portland Flight Standards District Office. The term "records" herein includes any and all methods of data storage whether hardcopy, electronic or otherwise. The term "communication" refers to statements which are oral or written and made by any method of communication. All records shall be produced to me in paper hardcopy only and not by digital media provided that any record which exceeds 20 pages may be produced in PDF format subject to future request for hardcopy in the event such digital media is not viewable on my computer.

Note: All communications regarding these FOIA requests shall be delivered by U.S. mail in written format only, phone or email communications are not accepted.

**FOIA request #1**
I request pursuant to the Freedom of Information Act that you produce the following records;

Request 1A. Any and all records of communications by Portland Flight Standards District Office addressed to or directed to Western Oregon Aviation, Roseburg, Oregon, or addressed to or directed to Robert Levin, Roseburg, Oregon, regarding the operations of Western Oregon Aviation.

Request 1B. Any and all records of inspections or official visits made by employees or agents of the Portland Flight Standards District Office to Western Oregon Aviation, Roseburg, Oregon.

Request 1C. Any and all records of communications by or between the Portland Flight Standards District Office and Steven Smith.

**FOIA request #2**

I request pursuant to the Freedom of Information Act that you produce the following records;

Request 2A. Any and all records regarding or relied upon by Mr. Larry B. Edeal while employed at the Portland Flight Standards District Office regarding Mr. Edeal's conclusion that airplane #N42600 does not exist.

Request 2B. Any and all records of any physical searches which were conducted by employees or agents of the Portland Flight Standards District Office of the Roseburg, Oregon airport, including but not limited to a search for evidence of airplane #N42600 being located at the Roseburg, Oregon airport.

Request 2C. Any and all records related to the issuance of airplane registration #N42600.

**FOIA request #3**

I request pursuant to the Freedom of Information Act that you produce the following records;

Note: The following requests are regarding Mr. Michael R. Harris and to that certain Inspector Statement dated September 29, 2014 (copy attached at attachment #1 hereto).

Request 3A. Any and all records , reports , memorandums and other communications made by Mr. Michael R. Harris while employed at the Portland Flight Standards District Office regarding complaints by Steven Smith of low level airplane flights over or near his home.

Request 3B. Any and all records regarding or relied upon by Mr. Michael R. Harris while employed at the Portland Flight Standards District Office regarding Mr. Harris' conclusion that "[t]he purpose of this flight was to practice pattern work and therefore was for the purpose of takeoff and or landing. Therefore 300 feet from Mr. Smith's house is allowed by the regulations."

Request 3C. Any and all records regarding Mr. Michael R. Harris's job description and duties performed on or about September 29, 2014 including but not limited to whether Mr. Michael R. Harris was authorized to make legal interpretations or constructions of 14 CFR Sec. 91.119 on behalf of the Portland Flight Standards District Office and whether Mr. Michael R. Harris was authorized to execute searches, or to seize evidence, or to make arrests for violations of Federal law on behalf of the Portland Flight Standards District Office.

**FOIA request #4 regarding action taken upon these FOIA requests.**

I request pursuant to the Freedom of Information Act that you produce the following records;

Request 4A. Any and all records showing the date on which the Portland Flight Standards District Office originally received these FOIA requests. *See*, 5 U. S. C.

FOIA, Portland Flight Standards District Office, Page - 2

552(a)(7)(B)(i), *i.e.,* "the date on which the agency originally received the request."

Request 4B. Any and all records identifying the tracking number assigned to these FOIA requests and any and all records identifying when said tracking number was provided to Steven Smith. *See,* 5 U. S. C. 552(a)(7)(A), *i.e.,* "assign an individualized tracking number for each request received ... and provide to each person making a request the tracking number assigned to the request."

Request 4C. Any and all records identifying the employees or agents of the Portland Flight Standards District Office who participated in searching for records responsive to these FOIA requests or any portion of these FOIA requests.

Request 4D. Any and all records identifying the date on which the search for records responsive to these FOIA requests was begun.

Request 4E. Any and all records identifying the date on which the search for records responsive to these FOIA requests was concluded.

### Fee Category

My FOIA fee category is "All Others." I agree to pay up to and including $25 for this request; if the fee for this request is in excess of $25 kindly notify me in writing of the fee you claim is needed for this request and include full details regarding how you calculated such fee. Also please take notice that I reserve the right to contest any fee I consider to be unreasonable on the following grounds; 5 USC 552(a)(4)(A)(iii) in the public interest, and/or, 5 USC 552(a)(4)(A)(iv)(ll) for the first two hours of search time or for the first one hundred pages of duplication, and/or, 5 USC 552(a)(4)(A)(viii) in the event of your failure to comply with applicable time limits for your response, and/or any other grounds as provided by law.

Sincerely,

Steven Smith
Attachment

(Continued at page 4)

## CERTIFICATE OF MAILING

I am Steven Smith, over the age of 18 years and otherwise competent to make this declaration, and I declare subject to penalty for perjury that the following is true and correct. I certify that on _June 16, 2025_ I mailed the original copy of this document to:

FAA Portland Flight Standards District Office
3180 NE Century Blvd.
Hillsboro, OR 97124
ATTN: FOIA

by placing said document in the United States Mail, so addressed, which is the last known address, by first class mail, postage prepaid.

Dated _June 16, 2025_

Steven Smith

FOIA, Portland Flight Standards District Office, Page - 4

## Inspector Statement

Mr. Smith sent a FOIA request to the Regional Administrators office on 9/19/14 requesting information on two aircraft he thought he saw flying near his house that day, N373R and N79938. The first aircraft has been exported and the N number was deregistered. The second aircraft was confirmed by the owner, Mr. Robert Levin to have been flying that day. Mr Levin was the PIC and he reports flying the downwind leg at 1500 feet per the advertised pattern for this airport. The purpose of this flight was to practice pattern work and therefore was for the purpose of takeoff and or landing. Therefore 300 feet from Mr. Smith's house is allowed by the regulations. This information was obtained from Mr Levin via telephone conversation with Inspector Harris at about 13:35, Monday 9/29/14

*Michael R. Harris*

Michael R. Harris

9/29/14

**Steven Smith**
1224 N. E. Walnut St. #273
Roseburg, OR 97470

June 28, 2025

FAA Portland Flight Standards District Office
Federal Aviation Administration
3180 NE Century Blvd.
Hillsboro, OR 97124
ATTN: FOIA

Re: FOIA

Dear FAA Portland Flight Standards District Office:

This letter contains FOIA requests directed to the FAA Portland Flight Standards
District Office and to such other FAA offices as may reasonably be expected to contain
responsive records. The term "records" herein includes any and all methods of data
storage whether hardcopy, electronic or otherwise. The term "communication" refers
to statements which are oral or written and made by any method of communication.
All records shall be produced to me in paper hardcopy only and not by digital media
provided that any record which exceeds 20 pages may be produced in PDF format
subject to future request for hardcopy in the event such digital media is not viewable
on my computer.

**Note: All communications regarding these FOIA requests shall be delivered by U.S.
mail in written format only, phone or email communications are not accepted.**

### FOIA request #1
I request pursuant to the Freedom of Information Act that you produce the
following records;

Note: The following requests are regarding that certain Inspector Statement dated
September 29, 2014 (see, copy of statement attached at attachment #1 hereto) and
regarding regulations concerning how close airplanes are permitted to fly to my home
(see, copy of 14 CFR Sec. 91.119 attached at attachment #2 hereto).

Request 1A. Any and all records regarding any supervisor review of FAA
inspector Mr. Michael R. Harris's conclusion that "[t]he purpose of this flight was to
practice pattern work and therefore was for the purpose of takeoff and or landing.
Therefore 300 feet from Mr. Smith's house is allowed by the regulations."



FOIA, Portland Flight Standards District Office, Page - 1

Request 1B. Any and all records regarding any exception or purported exception regarding airplane practice flights to that certain provision of 14 CFR Sec. 91.119(c) which reads "aircraft may not be operated closer than 500 feet to any person, vessel, or structure."

Request 1C. Any and all records regarding any and all exceptions or purported exceptions to that certain provision of 14 CFR Sec. 91.119(c) which reads "aircraft may not be operated closer than 500 feet to any person, vessel, or structure" which apply or purportedly apply to airplane flights regardless of whether such airplane flights are for the purpose of practice.   Note: This request calls for records regarding any and all exceptions to 14 CFR Sec. 91.119 **which do or may apply** to airplane flights near my home which permit or purport to permit airplane flights closer than 500 feet from my home, i.e., records disclosing any and all circumstances under which a pilot may lawfully fly his airplane closer than 500 feet from my home.

## FOIA request #2 regarding action taken upon these FOIA requests.
I request pursuant to the Freedom of Information Act that you produce the following records;

Request 2A. Any and all records showing the date on which the Portland Flight Standards District Office originally received these FOIA requests. *See,* 5 U. S. C. 552(a)(7)(B)(i), *i.e.,* "the date on which the agency originally received the request."

Request 2B. Any and all records identifying the tracking number assigned to these FOIA requests and any and all records identifying when said tracking number was provided to Steven Smith. *See,* 5 U. S. C. 552(a)(7)(A), *i.e.,* "assign an individualized tracking number for each request received ... and provide to each person making a request the tracking number assigned to the request."

Request 2C. Any and all records identifying the employees or agents of the FAA who participated in searching for records responsive to these FOIA requests or any portion of these FOIA requests.

Request 2D. Any and all records identifying the date on which the search for records responsive to these FOIA requests was begun.

Request 2E. Any and all records identifying the date on which the search for records responsive to these FOIA requests was concluded.

**Fee Category**

My FOIA fee category is "All Others." I agree to pay up to and including $25 for this request; if the fee for this request is in excess of $25 kindly notify me in writing of the fee you claim is needed for this request and include full details regarding how you calculated such fee. Also please take notice that I reserve the right to contest any fee I consider to be unreasonable on the following grounds; 5 USC 552(a)(4)(A)(iii) in the public interest, and/or, 5 USC 552(a)(4)(A)(iv)(ll) for the first two hours of search time or for the first one hundred pages of duplication, and/or, 5 USC 552(a)(4)(A)(viii) in the event of your failure to comply with applicable time limits for your response, and/or any other grounds as provided by law.

Sincerely,

Steven Smith
Attachments

## CERTIFICATE OF MAILING

I am Steven Smith, over the age of 18 years and otherwise competent to make this declaration, and I declare subject to penalty for perjury that the following is true and correct. I certify that on _June 28,2025_ I mailed the original copy of this document to:

FAA Portland Flight Standards District Office
Federal Aviation Administration
3180 NE Century Blvd.
Hillsboro, OR 97124
ATTN: FOIA

by placing said document in the United States Mail, so addressed, which is the last known address, by first class mail, postage prepaid.

Dated June 28, 2025

Steven Smith

## Inspector Statement

Mr. Smith sent a FOIA request to the Regional Administrators office on 9/19/14 requesting information on two aircraft he thought he saw flying near his house that day. N373R and N79938. The first aircraft has been exported and the N number was deregistered. The second aircraft was confirmed by the owner, Mr. Robert Levin to have been flying that day. Mr. Levin was the PIC and he reports flying the downwind leg at 1500 feet per the advertised pattern for this airport. The purpose of this flight was to practice pattern work and therefore was for the purpose of takeoff and or landing. Therefore 300 feet from Mr. Smith's house is allowed by the regulations. This information was obtained from Mr. Levin via telephone conversation with Inspector Harris at about 13.35. Monday 9/29/14

*Michael R. Harris*

Michael R. Harris

7/29/14

# ELECTRONIC CODE OF FEDERAL REGULATIONS

Title 14: Aeronautics and Space
PART 91—GENERAL OPERATING AND FLIGHT RULES
Subpart B—Flight Rules

---

### § 91.119   Minimum safe altitudes: General.

Except when necessary for takeoff or landing, no person may operate an aircraft below the following altitudes:

(a) *Anywhere.* An altitude allowing, if a power unit fails, an emergency landing without undue hazard to persons or property on the surface.

(b) *Over congested areas.* Over any congested area of a city, town, or settlement, or over any open air assembly of persons, an altitude of 1,000 feet above the highest obstacle within a horizontal radius of 2,000 feet of the aircraft.

(c) *Over other than congested areas.* An altitude of 500 feet above the surface, except over open water or sparsely populated areas. In those cases, the aircraft may not be operated closer than 500 feet to any person, vessel, vehicle, or structure.

(d) *Helicopters, powered parachutes, and weight-shift-control aircraft.* If the operation is conducted without hazard to persons or property on the surface—

(1) A helicopter may be operated at less than the minimums prescribed in paragraph (b) or (c) of this section, provided each person operating the helicopter complies with any routes or altitudes specifically prescribed for helicopters by the FAA; and

(2) A powered parachute or weight-shift-control aircraft may be operated at less than the minimums prescribed in paragraph (c) of this section.

[Docket No. 18334, 54 FR 34294, Aug. 18, 1989, as amended by Amdt. 91-311, 75 FR 5223, Feb. 1, 2010]

---

For questions or comments regarding e-CFR editorial content, features, or design, email
For questions concerning e-CFR programming and delivery issues, email



91.119

# ELECTRONIC CODE OF FEDERAL REGULATIONS

Title 14: Aeronautics and Space
PART 91—GENERAL OPERATING AND FLIGHT RULES
Subpart B—Flight Rules

---

### § 91.119  Minimum safe altitudes: General.

Except when necessary for takeoff or landing, no person may operate an aircraft below the following altitudes:

(a) *Anywhere.* An altitude allowing, if a power unit fails, an emergency landing without undue hazard to persons or property on the surface.

(b) *Over congested areas.* Over any congested area of a city, town, or settlement, or over any open air assembly of persons, an altitude of 1,000 feet above the highest obstacle within a horizontal radius of 2,000 feet of the aircraft.

(c) *Over other than congested areas.* An altitude of 500 feet above the surface, except over open water or sparsely populated areas. In those cases, the aircraft may not be operated closer than 500 feet to any person, vessel, vehicle, or structure.

(d) *Helicopters, powered parachutes, and weight-shift-control aircraft.* If the operation is conducted without hazard to persons or property on the surface—

(1) A helicopter may be operated at less than the minimums prescribed in paragraph (b) or (c) of this section, provided each person operating the helicopter complies with any routes or altitudes specifically prescribed for helicopters by the FAA; and

(2) A powered parachute or weight-shift-control aircraft may be operated at less than the minimums prescribed in paragraph (c) of this section.

[Docket No. 18334, 54 FR 34294, Aug. 18, 1989, as amended by Amdt. 91-311, 75 FR 5223, Feb. 1, 2010]

---

For questions or comments regarding e-CFR editorial content, features, or design, email ...
For questions concerning e-CFR programming and delivery issues, email ...

3

## Inspector Statement

Mr. Smith sent a FOIA request to the Regional Administrators office on 9/19/14 requesting information on two aircraft he thought he saw flying near his house that day. N373R and N79938. The first aircraft has been exported and the N number was deregistered. The second aircraft was confirmed by the owner, Mr. Robert Levin to have been flying that day. Mr. Levin was the PIC and he reports flying the downwind leg at 1500 feet per the advertised pattern for this airport. The purpose of this flight was to practice pattern work and therefore was for the purpose of takeoff and or landing. Therefore 300 feet from Mr. Smith's house is allowed by the regulations. This information was obtained from Mr. Levin via telephone conversation with Inspector Harris at about 13:35, Monday 9/29/14

*Michael R. Harris*

Michael R. Harris

7/29/14

Inspectors Statement of Telephone Conversation

Subject: Low Flying Airplane Complaint from Steven Smith

Call to: Michael Danielle, Airport Manager Roseburg Regional Airport

Date: June 18, 2013

Time: 13:30

I called the Airport Manager for the Roseburg Regional Airport, Mr. Michael Danielle.
Mr. Danielle said he had not spoken with Mr. Smith but he had spoken with Mr. De
Fazio's office about Mr. Smith's issues. Michael described the airprots fly friendly
program which asks pilots to fly straight ahead until 1300 feet MSL which would get
them to pattern altitude of 1520 feet by the time they are on down wind or about 500 feet
above Mr. Smith's house. Mr. Danielle said he would be happy to come with me to talk
to Mr. Smith if I was able to give him a few days notice/window.

Note: Our review of the area via Google Earth indicates Mr. Smith's house is actually at
about the 1200 foot level and not 1000 feet as Mr. Danielle believes. This would put the
airplanes on downwind about 300 feet above Mr. Smith's home.

*Michael R. Harris*

Michael Harris
6/18/2013

5



5/9/2014 8:23:09 PM



Re: Complaint at Roseburg Regional Airport (KRBG)
Joe Kaney
to:
Marty G Conroy
05/09/2014 03:53 PM
Hide Details
From: Joe Kaney ███████████████  ≡ 6
To: Marty G Conroy/ANM/FAA@FAA,

Per our phone conversation, I'm writing up this statement to address a complaint that was apparently filed in connection with a flight I made on March 15th 2014. I understand the complaint was generated by a homeowner that lives somewhere along the ridge in northwest Roseburg which is roughly parallel to the downwind portion of the traffic pattern when flying a left approach for runway 34. I'm not exactly sure what the specific nature of the complaint was; whether it pertained to engine noise, improper altitude in the pattern, or both. I will try to make sure my statement accounts for either possibility.

According to my log book entry for March 15th I was flying the Cessna 172 I usually check out from the local FBO, N3765R. The aircraft is white & blue in color. The log shows I did pattern work exclusively for a total of nine landings, the first eight of which were touch and go and the final landing of course being full stop. The total time logged was one hour.

I'm afraid I don't have a lot of specific memory of that particular flight. I seem to remember the wind being fairly calm but shifting several times during the hour. I can remember being pleased with all of my approaches and touchdowns.

The best response I can give to this complaint would be to talk about how I fly the pattern at the Roseburg Airport (KRBG). Upon taking off and when climbing out I tend to trim pretty close to the best climb speed for the aircraft, around 80-85 mph, with the little bit of extra speed thrown in as a safety margin. I maintain a heading of around 340 until after I pass through 1,300 ft. of altitude, when I begin my crosswind turn to the west. I am nearly always ...ming and throttling back at 1,500 ft. as I enter my turn from crosswind to downwind (south). While this will vary from time to time, I can confidently say that probably nine out of ten times when I make the turn from crosswind to downwind I am within 50 feet (plus or minus) from the pattern height of 1,500 ft. I then fly my downwind leg at pattern height with power usually a little ways into the green band on the tach, around 2000-2200 RPM.

My flight on March 15th would have followed the above-described routine.

On a related note, shortly after I began practicing solo Rob Levin, my flight instructor and the owner of the aircraft I rent, has periodically told me that there is a resident somewhere on the ridge that often complains to the FAA about aircraft flying the pattern. On several occasions when I've come in to do practice flights Rob has reminded me of this and told me to "Make sure you don't turn crosswind until you've reached at least 1,300 feet." I've always kept this in mind when doing pattern work.

Please feel to call or email me if you need any further clarification on this issue.

Sincerely,

Joe Kaney

 ≡ 6

Z



Steven Smith
1224 N.E. Walnut St. #273
Roseburg, OR 97470

Clerk of the Court, U.S. District Court
United States Courthouse
1000 Southwest Third Ave.
Portland, OR 97204